# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY LOUISE BONHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-506-JHP-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Tammy Louise Bonham (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on August 12, 1966 and was 42 years old at the time of the ALJ's decision. Claimant completed her high school education and special education classes. Claimant has worked in the past as a janitor, retail sales clerk, and assembler. Claimant alleges an inability to work beginning January 11, 2007 due to limitations resulting from scoliosis, chronic back pain, numbness,

3

and mental issues.

**Procedural History**

On February 27, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Lantz McClain ("ALJ") on October 24, 2008 in Tulsa, Oklahoma. The ALJ issued an unfavorable decision on September 25, 2009. On January 14, 2011, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

The ALJ's decision was reversed by this Court on appeal. On remand, ALJ Doug Gabbard, II conducted an additional administrative hearing on July 18, 2013 in McAlester, Oklahoma. The ALJ issued an unfavorable decision on August 13, 2013. The decision became final based upon the Appeals Council's failure to take action within sixty days. 20 C.F.R. §§ 404.984, 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential

evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform less than a full range of sedentary work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the medical opinion evidence and (2) rejecting the opinion offered by Claimant's license professional counselor.

**Evaluation of the Medical Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of lumbar degenerative disc disease, scoliosis, right shoulder arthritis, COPD, depression, anxiety, and PTSD. (Tr. 361). He concluded that Claimant retained the RFC to perform less than a full range of sedentary work. (Tr. 366). In so doing, the ALJ determined Claimant could occasionally lift/carry 10 pounds, frequently lift/carry less than 10 pounds, stand/walk about 2 hours in an 8 hour workday, and sit for about 6 hours in an 8 hour workday. The ALJ further found Claimant could not reach overhead with her right dominant arm, could only occasionally grasp with her right dominant hand. He determined Claimant should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation and other pulmonary irritants. Claimant must be allowed to alternate sitting and standing every 60 minutes

5

throughout the workday in order to change positions but without leaving the workstation. The ALJ stated Claimant could perform unskilled work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time where supervision is simple, direct and concrete, interpersonal contact with supervisors and co-workers is incidental to the work performed and she must have no contact with the general public. (Tr. 366). After consultation with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of surveillance system monitor and addresser. (Tr. 387). In the end, the ALJ found Claimant was not disabled. Id.

On January 19, 2012, Claimant was evaluated by Dr. Tracy Baker and completed a medical source statement on the same date. Dr. Baker found Claimant could occasionally lift/carry 20 pounds, stand/walk for 30 minutes to 1 hour at one time without sitting or lying down and total for less than 2 hours in an 8 hour workday, sit for more than 2 hours at one time and total for 6 or more hours in an 8 hour workday. (Tr. 920). Dr. Baker also stated Claimant did not need an assistive device to walk and could perform work on a sustained and continuing basis. (Tr. 921).

The ALJ gave Dr. Baker's opinion "great weight" because his findings were supported by his direct examination and because it

was consistent with the Health & Wellness Center examination findings and other examination findings in the record. (Tr. 382). While the ALJ clearly accepted Dr. Baker's finding that Claimant could work, he did not recognize that Dr. Baker limited Claimant to less than 2 hours out of an 8 hour workday for standing/walking. Sedentary work which the ALJ found Claimant could perform requires that an individual be capable of standing/walking for up to 2 hours in an 8 hour workday. The ALJ gave Dr. Baker's opinion "great weight" but did not explain why he accepted some of his findings but effectively rejected the finding on standing/walking. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall provide an explanation as to the inconsistency of his decision regarding Dr. Baker's assessment.

On October 8, 2008, Claimant's treating physician, Dr. Patrick Sullivan, authored a statement concerning his treatment of Claimant. He stated Claimant suffered from the conditions of depression, scoliosis, osteoarthritis, sleep apnea, and restless leg syndrome. He considered Claimant's pain to be "moderate" lasting seven days per week and relieved by alternating sitting and

standing. The condition moderately affected her concentration and mood. (Tr. 311). Dr. Sullivan estimated that Claimant could occasionally lift 10 pounds, stand/walk 15 minutes without changing positions and 2 hours total in an 8 hour workday, and sit 15 minutes without changing position and 2 hours total in an 8 hour workday. He also found Claimant was "very limited" in bending at the waist, crawling, and climbing stairs. She could only occasionally squat at the knees, reach out, and reach overhead. Dr. Sullivan opined Claimant would be required to alternate sitting and standing. (Tr. 312).

Dr. Sullivan also found Claimant's ability to work was moderately limited by depression, anxiety, panic, personality disorder or other mental condition. Such a condition mildly affects Claimant's activities of daily living, moderately limited in maintaining social functioning, and moderately limited in maintaining concentration, persistence, or pace. She is predicted to have "good days" and "bad days" and is estimated to miss about 1-2 days per quarter. (Tr. 313).

The ALJ recognized this Court's prior decision on rejecting Dr. Sullivan's opinion. However, he maintains that Dr. Sullivan's opinion is entitled to "little weight." The ALJ agreed with a considerable number of the findings made by Dr. Sullivan but

8

concluded that the medical evidence did not support any condition which prevented Claimant from sitting 6 out of 8 hours, conceding that Claimant would need an alternating sit/stand accommodation. (Tr. 380).

Claimant cites to various examples in the medical record which indicates range of motion restrictions, extremity weakness, and problems walking. However, the record does not support further restrictions on Claimant's ability to sit - which turns out to be the primary point of dispute. This Court finds no error in the ALJ's assessment of Dr. Sullivan's opinion.

### Consideration of Counselor's Opinion

Claimant contends the ALJ improperly rejected the opinion offered by Ms. Kari Dry, a licensed professional counselor. On December 23, 2011, Ms. Dry completed a Mental Residual Functional Capacity Assessment form on Claimant. She determined Claimant was "markedly" limited in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, the ability to maintain attention and concentration for extended periods, the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, the ability to sustain an ordinary routine without special supervision, the ability to work in coordination

9

with or proximity to others without being distracted by them, the ability to make simple work-related decisions, the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length rest periods, the ability to interact appropriately with the general public, the ability to accept instructions and respond appropriately to criticism from supervisors, the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness, the ability to respond appropriately to changes in the work setting, the ability to be aware of normal hazards and take appropriate precautions, the ability to travel in unfamiliar places or use public transportation, and the ability to set realistic goals or make plans independently of others.  (Tr. 840-41).

The ALJ gave Ms. Dry's opinion "little weight" because (1) findings of disability were reserved to Defendant; (2) Ms. Dry was a candidate for licensure during a portion of the time she was treating Claimant; (3) her opinions are inconsistent with the treatment notes in the medical record; (4) the assessment included physical limitations which Ms. Dry was not qualified to consider;

and (5) Ms. Dry's opinion was based in Claimant's subjective complaints.  Ms. Dry was qualified to render an opinion given her treatment record with Claimant.  However, Ms. Dry's treatment notes do not support the level of limitation reflected in her opinion.  Claimant's mood was largely stable in the notes.  (Tr. 904-05).  Additionally, the treatment records of other professionals in the record do not support the extent of limitations espoused by Ms. Dry in her opinion.  (Tr. 335, 727, 858, 904-10, 912, 926).  This Court cannot conclude the ALJ failed to properly assess the opinion provided by Ms. Dry.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the

11

District Court based on such findings.

DATED this 12th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE